# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROKOPIEV, ALEXEI BORIS<br><br>Petitioner,<br><br>v.<br><br>THOMAS HOMAN, et al.,<br><br>Respondents. | Case No. SACV 18-01315-PA (AFM)<br><br>**ORDER DISMISSING PETITION AS MOOT** |

Petitioner, who is subject to a final order of removal, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. At the time he filed the petition, petitioner was in custody of the United States Immigration and Customs Enforcement ("ICE"). The petition challenges petitioner's continued detention by ICE pending his removal.

Respondent filed a response to the petition arguing that it should be dismissed as moot and attaching documentation showing that on September 4, 2018, petitioner was released from custody on an order of supervision. (ECF No. 5.) The Court provided petitioner to and including October 2, 2018 within which to file a response addressing respondent's argument. As of the date of this order, petitioner has neither filed a response nor requested additional time within which to

do so.

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). A petition for a writ of habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once a convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained.").

In this petition, petitioner seeks an order releasing him from detention under an order of supervision pending his removal. (ECF No. 1 at 7.) Because petitioner already has been released from custody, there is no additional relief that this Court could grant petitioner. Accordingly, the petition is dismissed without prejudice as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("a petitioner's release from detention under an order of supervision 'moot[s] his challenge to the legality of his extended detention'"); *Hong v. Mukasey*, 2008 WL 821533, at *2 (C.D. Cal. Mar. 26, 2008) (because petitioner was released on supervision, petition seeking release from detention pending removal was moot).

IT IS SO ORDERED.

DATED: October 9, 2018

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

2